Mr. Cook. Good morning, Your Honors. Paul Cook on behalf of the plaintiffs. Joe Hill. This particular matter is fairly straightforward. And it's a question of the burdens on summary judgment. That's really what it comes down to. Is it really just that? Or under McKelvey, isn't it also a question of how you plead and then how the burden shifts back and forth under California law? Well, the pleading certainly has something to do with it. And I think that in this circumstance we did plead that the statute of limitations had been told by the discovery rule. You didn't plead anything having to do with the timing or the manner or anything of that sort, which is what our cases and the California cases seem to say is required. Well, the pleading sets out, it satisfies the notice pleading requirement in terms of putting the defendant on notice of the claims which plaintiff is asserting, including the total. Well, that may be true. But since it doesn't specify the time or manner or, indeed, any dates whatsoever, then doesn't that mean that Bayer was perfectly within its rights to simply say, look, the statute of limitations has run, period. And that then puts the burden on you to come forward and say when, in fact, it was discovered and how it was discovered and why that should excuse you. I'm sorry. That's not what Bayer did. Bayer did not point to any factually devoid discovery. Sure he did. It pointed to the PD, the PF plaintiff's fact statement. And it said, look, here's when the injury occurred and the statute wasn't filed within a year of it. But that discovery wasn't directed to the statute of limitations issues. That had nothing to do with the discovery. When the injury occurred and one year later doesn't have anything to do with the statute of limitations? I'm sorry. I didn't hear you. That just loses me. It said, look, here's when the stroke occurred. And one year after that was whenever it was, which is anywhere from several to 15 years prior to filing the lawsuit. End of story. That's the end of the statute of limitations story. That's not the end of the discovery exception to the statute of limitations. And I think what's important to remember here is the separate burdens at the time of trial. Now, what Bayer's burden at the time of trial would be is to show exactly what just the statute of limitations issue, which is all that they went to in their moving papers. They did not go to the discovery rule. Now, those shifting burdens ---- This case falls fairly within the O'Connor case. You didn't discuss it in your brief, but it was discussed in the required brief. Actually, O'Connor doesn't help the defendants at all. All right. Tell me why. Because in O'Connor, the defendants did in that case exactly what they should have done in this case, which is met their initial burden by introducing evidence of when the plaintiffs knew or should have known of the cause of their injury. If you take a look at O'Connor, the question was these were injuries from the rocket and radiation and other toxic materials being released from that facility. The defendants, in their moving papers in that case, put in the evidence that there was public knowledge of all of that, all of those exposures. Having put in that evidence, then, in that circumstance, the plaintiffs had the obligation at that point to come in and put in affirmative evidence to meet their burden. But not with respect to all the plaintiffs in that case. And we squarely said there's an obligation to say on the plaintiffs to explain how and when they discovered. Right. And that obligation came about because the defendant met its initial burden. If you take a close look at that O'Connor case, that's exactly what that court said. Two different sets of plaintiffs. Right. There was two separate sets of plaintiffs. I'm talking about with respect to the second set. The second set of plaintiffs had alleged that they filed their complaint before the publication of an EPA report. Yes. That was part of the notice argument. Right. So the plaintiffs had a complaint that was basically that set up the issue. It was impossible for those plaintiffs to have said, well, we didn't discover it until a year before our injuries, until a year before we filed a complaint. Because they filed a complaint before that event occurred, before the EPA published their findings. So the plaintiff was sitting there with an inconsistent pleading. And so that pleading in itself, plus all of the evidence that the defendants put in in their motion for summary judgment, that was evidence that shifted the burden to the plaintiffs. I guess one thing that's sort of difficult to understand is even with your legal position about the shifting burdens in response to the motion for summary judgment, I mean, you put on no evidence and to this day have said nothing about what would constitute an excuse. That's entirely consistent with the position that we're taking. Well, it's not. I'm not sure. I'm not saying it's not consistent with the position you're taking. But I just don't get it. Well, because that initial burden never shifted. It's a huge risk to take, isn't it? Well, it is. But the plaintiff can still prevail if the defendant has not met its initial burden. And what the defense did here was something that unfortunately is too prevalent. And they simply took a prior order of the Court. This is how they tried to meet their burden. They took a prior order of the trial court on a motion for remand for unrelated plaintiffs and said, this is it. The November 2000 watershed event of the FDA withdrawing the PPA from the market, that watershed event put everybody on notice, and they were trying to take that order and apply it to every single plaintiff in the MDL. And our position was that is simply not evidence, number one. And number two, that order doesn't apply to all the plaintiffs. So if the defense really just puts nothing forward, no evidence whatsoever on the discovery statute, then the plaintiffs have no evidentiary burden of their own. And the first time that that evidence came up, as we all know, is in reply. I'm sure you're familiar with the briefs. The first time that came up was in reply. And what's telling is that the trial court, first, in its first order, it relied on that evidence. And when plaintiffs pointed out to the trial court, no, you can't look at that reply evidence because that doesn't meet the initial burden. The trial court agreed with us. I understand all that. But right now, we're looking down on an order and saying, is it affirmable or not?    the trial court does not trigger the burden shift that you argue for. And then it's just very straightforward and simple. When the injury occurred, when the complaint was filed, that's it, absent any contrary evidence. Well, I think the complaint raises the issue and shifts the burden to the defense. I know you do. But doesn't that require us to just ignore what we said in O'Connor and two other Hopkins and Gibson, that you've got to allege the time and manner of discovery in order to trigger the burden shift? Not at all. Again, as I think I've stated my position with respect to O'Connor, and I do want to save some time for rebuttal. Thank you, Your Honor. Good morning. May it please the Court. I'm Frank Wood. I'll be arguing for Bayer today. Counsel, since time is short, may I just get directly to the point? Yes, Your Honor. Why were the facts alleged in the By the Hill plaintiffs insufficient to invoke the discovery rule? Why were the facts alleged? Yes. Because they offered no evidence. Do you mean in the complaint? Why was the discovery rule not invoked in the complaint? Exactly. Why were the facts alleged in the Hill plaintiffs' complaint insufficient to invoke the discovery rule? Now, I notice in your brief, you cited the Hopkins, but you failed to explain specifically why the Hill plaintiffs' brief was insufficient. If you would be so kind. Yes, Your Honor. First, the plaintiffs' allegations did not allege how and when they discovered the place and manner. Second, they did not allege why, with reasonable diligence, they could not have discovered the claims earlier. But you didn't move to dismiss. You moved for summary judgment. Now, McKelvey, which sets the California standard basically in this, is a pleading case that they deferred. Right. What happens then once the defendant initiates a summary judgment? How does the pleading requirement interplay with this, or do we go to traditional summary judgment standards? We go to, at this point, we've passed the pleading stage. We're at summary judgment. And the defendant has said, on my affirmative defense, the statute of limitations, that on this defense, the plaintiff cannot, I've established with the date of the injury and the date of the filings with the interrogatory answers and the complaints I've put in, and now the burden is on the plaintiff to come forward with evidence to invoke the discovery rule. The discovery rule is not part of the statute of limitations for personal injury, product liability cases like this one. The plaintiff cited some cases where discovery is included in the statute of limitations and begins the period running. Under this type of case in California law, the discovery rule does not come into play unless the plaintiff, at the pleading stage, pleads the allegations. At the trial stage, proves it. At the summary judgment stage, offers evidence in response to a motion for summary judgment of, one, how and when the plaintiff discovered his injury, and, two, why with reasonable diligence the plaintiff couldn't have discovered it earlier for policy reasons that are spelled out in the O'Connor case. This is knowledge that the plaintiff has. The plaintiff only knows when she discovered her claim and what reasonable investigation the plaintiff made of her claim that demonstrates reasonable diligence. Let's suppose that we find that the discovery rule was invoked. What evidence, if any, did Bayer introduce about the knowledge of the plaintiffs? Assume that it was invoked when? Let's assume that we find that the discovery rule was invoked. The burden then, as I understand it, shifts to you to introduce evidence at that time. You did do it in your reply brief, but that's assuming that was too late. Is there any other evidence that you introduced? If I could just back up and understand. We want to assume that the discovery rule was invoked in the plaintiff's response to our summary judgment motion just by argument without any evidence. If we assume that, then it's been invoked and we respond with evidence. And we did put in evidence just kind of protectively in the event the Court might find that the plaintiff's argument alone in their response to the summary judgment motion had invoked the discovery rule. We responded with evidence that's demonstrated that the plaintiffs should have suspected PPA as a potential cause of their injury more than one year before they filed their claim. Of course, the Hill plaintiffs were not given any opportunity to respond in your response. Isn't that correct? The Hill plaintiffs did not ask for an opportunity. They were not denied an opportunity. We protectively offered evidence with our reply in the event the Court, but then the plaintiffs did not, as the district court pointed out in her order granting summary judgment, the plaintiffs, or no, it was in her order denying reconsideration, the plaintiffs did not move to file a certify and offer evidence, attach, you know, any evidence to that. Now, here's what we would have said. They did nothing until the Court ruled. Then once the Court ruled, the plaintiffs moved for reconsideration, and the Court made perfectly clear in denying reconsideration that, as it had said in its initial order, the burden is on the defendant to establish the statute ran. Then the burden shifted to the plaintiff. The plaintiff failed to offer any evidence, and she indicated in a footnote in that order that if the plaintiff were going to try to offer evidence, that it should have done so in a motion for surreply before she ruled instead of in a motion for reconsideration afterward, though even at that time they did not attach any evidence that they would proffer to the plaintiff.  They did not attach any evidence that they would offer to the court. But she made clear that she didn't. Thank you. That answers the question. Thank you, Your Honor. I would just add, just if I may, that the reason the plaintiffs are wrong in their argument, and I think the way they conceive Nissan is that the case that they rely on most is that the plaintiffs argue that Nissan dealt with a defendant summary judgment motion that sought to show that the plaintiffs could not produce evidence on the notice element of the plaintiff's claim. The plaintiffs here argue that the discovery rule, the exception to the statute of limitations, is just like an element of their claim, and that Bayer had the burden of showing that there was no evidence on the discovery rule to basically negate the application of the discovery rule. But the exception to the affirmative defense of statute of limitations is not like an element of plaintiff's claim. It doesn't come about until the plaintiff has put in a motion that states that the plaintiff could not produce evidence on the discovery rule. It just doesn't come into play. So I respectfully submit that the Court should affirm summary judgment. Thank you, Mr. Wood.  Thank you, Your Honors. I believe in this issue, or in this case, first of all, that the complaint is sufficient. And what the complaint alleged is the complaint is sufficient. The question I asked Mr. Wood was, since they didn't bother to do a motion to dismiss, which is the posture at least of McKelvey, what happens then to the what's the balancing that goes at the summary judgment stage? Normally, the moving party has to do enough to put the issue there, and then the nonmoving party has to put in enough evidence to create a triable issue. So where does, how does McKelvey roll over into the summary judgment motion stage? Well, I think because the defense never really challenged the sufficiency of that pleading through a challenge to the pleadings. They were essentially conceding that they were on notice. They understood the claims. They understood plaintiff's allegations that the discovery statute had been told. So essentially what you have at that point is an allegation in the complaint that is going unrebutted. It's going unchallenged by the defense. And I think the case that best sets forward this statement is the Kahn case, which is a California case on summary judgment. And there that was the employment situation. It was a claim of sexual harassment. And that complaint alleged an exception to the grievance procedure. That was the plaintiff's burden. That exception went unchallenged by the defense. Since the defense did not challenge the notice pleading or the notice, excuse me, the statute of limitations tolling by their summary judgment, they failed to meet their initial burden. I see my time is up. Thank you. Thank you. The matter just argued will be submitted.
judges: D.W. Nelson, Rymer, Fisher